<u>**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**</u>

No. 13-3245

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |
|---|---|
| VIOLA BEALMEAR, Widow of James L. Bealmear,<br><br>    Petitioner,<br><br>v.<br><br>ISLAND CREEK COAL COMPANY; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,<br><br>    Respondents. | FILED<br>Feb 26, 2014<br>DEBORAH S. HUNT, Clerk<br><br>ON PETITION FOR REVIEW OF A DECISION AND ORDER OF THE BENEFITS REVIEW BOARD |

<u>O R D E R</u>

Before: SILER and STRANCH, Circuit Judges; COHN, District Judge.[*]

    Viola Bealmear, a Kentucky resident proceeding pro se, petitions for review of a decision and order of the Benefits Review Board ("Board") affirming a decision by an Administrative Law Judge ("ALJ") denying benefits under the Black Lung Benefits Act (the "Act"). 30 U.S.C. §§ 901-44. Bealmear also moves for leave to proceed in forma pauperis ("IFP").

    Bealmear is the widow of a deceased miner, James Bealmear ("the miner"), who died on September 5, 2006. The miner filed four claims during his lifetime and all of his claims were denied. Bealmear filed her survivor's claim on November 20, 2006. The District Director initially awarded her benefits on July 25, 2007. However, Island Creek Coal contested the award

---

[*]The Honorable Avern Cohn, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

and a hearing was scheduled. The parties eventually agreed to waive the hearing and have the case decided on the record. The ALJ issued a Decision and Order Denying Benefits, and the Board affirmed the denial on February 7, 2013. Bealmear was paid benefits in the interim, until the decision denying benefits was final.

On appeal, Bealmear argues that the evidence proved that her husband had chronic obstructive pulmonary disease ("COPD") and, thus, showed that he had legal pneumoconiosis. She also argues that the statute applicable to miners with fifteen years of coal mine employment should not have been applied to her case when her husband had worked for only eleven years in the mines. Lastly, Bealmear argues that the ALJ failed to consider a medical report by Dr. Mark M. LeVaughn, the pathologist who performed the autopsy of record, and that the ALJ inadequately considered medical reports by her husband's treating physicians.

We review a decision in a black lung benefits case to determine whether it is supported by substantial evidence and is in conformance with the applicable law. *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995). Normally, when the Board affirms an ALJ's decision, we do not consider whether the Board's decision was supported by substantial evidence, "but whether the [Board] correctly concluded that substantial evidence supported the ALJ's decision." *Eastover Mining Co. v. Williams*, 338 F.3d 501, 508 n.9 (6th Cir. 2003).

In order to be entitled to survivor's benefits, Bealmear was required to establish that her husband's death was caused or hastened by pneumoconiosis. 20 C.F.R. § 718.205; *Brown v. Rock Creek Mining Co.*, 996 F.2d 812, 816 (6th Cir. 1993). For claims filed after January 1, 1982, death is considered due to pneumoconiosis where competent medical evidence establishes that the miner's death was due to pneumoconiosis; pneumoconiosis was a substantially contributing cause or factor leading to the miner's death or the death was caused by complications of pneumoconiosis; or the presumption of complicated pneumoconiosis applies pursuant to 20 C.F.R. § 718.205(b)(1)-(3). "Pneumoconiosis is a 'substantially contributing cause' of a miner's death if it hastens the miner's death." 20 C.F.R. § 718.205(b)(6).

Assigning the greatest weight to the autopsy evidence, the ALJ determined that the miner had simple clinical pneumoconiosis, and that his pneumoconiosis arose out of his coal mine

employment pursuant to the rebuttable presumption provided under 20 C.F.R. § 718.203(b) because he worked for more than ten years in the mines. Island Creek Coal has abandoned any challenge to the findings that the miner had pneumoconiosis or that his pneumoconiosis arose out of his coal mine employment. Thus, the only issue remaining is whether the miner's pneumoconiosis contributed to his death.

Bealmear argues that the ALJ and the Board should have found the existence of pneumoconiosis because her husband had COPD. However, this element was decided in her favor when the ALJ found the existence of clinical pneumoconiosis. Moreover, contrary to Bealmear's argument, the ALJ did not apply the fifteen-year presumption under 20 C.F.R. § 718.305(b)(1). Bealmear also argues that the ALJ and Board failed to fully consider the autopsy report or the reports by her husband's treating physicians. The ALJ considered the reports by Dr. LeVaughn, the prosector; and by Drs. William Houser, V.S. Soni, and Clapp, who all treated her husband at some point during his lifetime. The ALJ explained, in detail, why those reports did not establish that her husband's death was caused by his pneumoconiosis and were outweighed by the consulting reports regarding the cause of the miner's death. Specifically, the ALJ determined that the miner did not suffer from complicated pneumoconiosis, which would have provided an irrebuttable presumption of death due to pneumoconiosis, because neither Dr. LeVaughn nor any other physician found lesions that would have produced an opacity greater than one centimeter if viewed on an x-ray or any "massive" lesions upon autopsy. *See* 20 C.F.R. § 718.304.

The ALJ did not rely on an opinion by Dr. D.L. Rasmussen to support a finding of causation because Dr. Rasmussen found that the pneumoconiosis was only a "minimal contributing cause" rather than a "substantially contributing cause" of the miner's death. *See* 20 C.F.R. § 718.205(b)(5); *see also Conley v. Nat'l Mines Corp.*, 595 F.3d 297, 304 (6th Cir. 2010). In addition, the ALJ discredited the opinions by Drs. Houser and Rasmussen because they made only general references to complications that may arise from pneumoconiosis rather than explaining any "specifically defined process" that had reduced "the miner's life by an estimable time." *See Eastover Mining*, 338 F.3d at 518; *see also Conley*, 595 F.3d at 303 (to be adequate, a

medical opinion must "explain how and to what extent–customarily through a range of time," the "defined process" hastened the death). In contrast, the ALJ assigned the greatest weight to the opinions by Drs. Kirk Hippensteel and Thomas Jarboe because they explained why the miner's emphysema, pneumonia, and Alzheimer's disease, rather than the simple pneumoconiosis, caused the miner's death. As noted by the ALJ, these two opinions were supported by the death certificate and by the final discharge reports at the time of the miner's death.

Unless they are not supported by substantial evidence, findings by the ALJ, as affirmed by the Board, should not be disturbed because the question of whether a physician's report is sufficiently reasoned is essentially a credibility matter left for the finder of fact. *See Big Branch Res., Inc. v. Ogle*, 737 F.3d 1063, 1072 (6th Cir. 2013). Here, the Board properly concluded that the ALJ's decision was supported by substantial evidence. *See Eastover Mining*, 338 F.3d at 508 n.9.

Bealmear questions, on appeal, why her black lung benefits were discontinued. The record clearly shows that she was paid only interim benefits after the initial award, pending a final decision on her claim.

Accordingly, the motion for in forma pauperis status is granted for purposes of this review only, and the petition for review is denied.

                                                ENTERED BY ORDER OF THE COURT

                                                Deborah S. Hunt, Clerk